# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID SHORTY, on behalf of himself
and all others similarly situated,

      Plaintiff,

    vs.                                                                                             No. CIV 99-1018 JC/LFG

CAPITAL ONE BANK,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Capital One's Motion for Judgment on the Pleadings, filed February 24, 2000 *(Doc. 24)*. This case is based on Plaintiff's claim that Capital One violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o by sending Plaintiff a debt validation notice for a debt which Capital One knew was time-barred by the statute of limitations. Specifically, Plaintiff alleges that Capital One violated 15 U.S.C. § 1692e(2)(A) which prohibits the false representation of the legal status of a debt. Capital One argues that dismissal of this suit is appropriate because Plaintiff cannot legally establish that Capital One violated the FDCPA by sending Plaintiff a debt validation notice which complies with 15 U.S.C. § 1692g.[1] The Court notes that Capital One did not threaten Plaintiff with a lawsuit or even further collection action in its debt validation notice.

---

[1] Section 1692g outlines what information must be included in a debt validation notice.

## A. Standard for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is treated as a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Mock v. T. G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). Motions to dismiss are viewed with disfavor and are therefore rarely granted. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE at § 1357 (2d ed. 1990). The court may not grant a motion to dismiss under Rule 12(b)(6) unless the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. *See Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995). Furthermore, courts must accept all well-pled allegations as true, *id.*, and indulge all reasonable inferences in favor of the plaintiff. *See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1228 (10th Cir. 1987). The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his or her claims. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court will consider Capital One's motion for judgment on the pleadings in light of these standards.

## B. Discussion

The issue in this case is simply whether a debt collector[2] violates § 1692e(2)(A) by sending an otherwise legally sufficient debt validation notice[3] to a debtor without notifying the debtor that the debt is time-barred by the statute of limitations. "Determination of whether a violation of the FDCPA has occurred involves a two-step process. First, the court must interpret the statute, if necessary. Second, there must be a determination of whether [the defendant] violated the statute as interpreted

---

[2] Capital One states that for purposes of this motion on the pleadings it is considered a debt collector.

[3] The parties agree that the debt validation notice complies with § 1692g.

by the court." *Beattie v. D. M. Collections, Inc.*, 754 F. Supp. 383, 386 (D. Del. 1991) (citation omitted).

Section 1692e states in pertinent part that

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) the false representation of—

(A) the character, amount, or legal status of any debt. . . .

A plain reading of § 1692e(2)(A) leads the Court to conclude that the FDCPA is violated when a debt collector falsely represents the legal status of a debt. Common sense dictates that whether a debt is time-barred is directly related to the legal status of that debt. After all, if a debt cannot be pursued in court because it is time-barred, the debt collector's ability to legally collect on the debt is limited. I, therefore, find that the legal status of a debt necessarily includes whether that debt is time-barred.

Having determined that the legal status of a debt includes whether the debt is time-barred, the next issue is whether the debt validation notice is false, deceptive or misleading by not notifying Plaintiff that his debt was time-barred. The parties present two lines of cases to support their opposing views on whether the debt validation notice is false, deceptive or misleading. Plaintiff relies primarily on *Stepney v. Outsourcing Solutions, Inc.*, 1997 U. S. Dist. LEXIS 18264 at *14 (N.D. Ill. 1997), for the proposition that FDCPA claims premised on a debt collector's knowing attempts to collect time-barred debts are viable. *Stepney* cites to *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987), and its progeny as authority for this proposition. *Id*. *Stepney* and *Kimber*, however, are distinguishable from this case because they both deal with situations where lawsuits were filed to collect the debts, lawsuits were threatened, or "further collection action" was

threatened. *Kimber's* progeny as cited in *Stepney* are also distinguishable from this case. *See Simmons v. Miller*, 970 F. Supp. 661, 664-65 (S.D. Ind. 1997) (debt collector did not knowingly file a time-barred suit); *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp. 1495, 1506 (D.N.M. 1994) (question of fact as to whether debt collector ever contacted the plaintiff); *Beattie v. D. M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991) (examining § 1692e(5), not § 1692e(2)(A)).

*Stepney* has since been cited in two recent unpublished cases with respect to its discussion on time-barred debts. The most recent case is *Wright v. Asset Acceptance Corp.*, 1999 U.S. Dist. LEXIS 20675 (S.D. Ohio 1999). *Wright* is also distinguishable from this case because the plaintiff there failed to allege that the debt was time-barred. The second case is *Taylor v. Unifund*, 1999 U.S. Dist. LEXIS 13651 (N.D. Ill. 1999). *Taylor* is the most factually like this case in that the debt validation notice does not threaten a lawsuit or "further collection action." As in this case, *Taylor* presents the straightforward issue of whether collection of a time-barred debt is deceptive as a matter of law. The judge in *Taylor* without discussion apparently extended *Stepney* and *Kimber* to find that a debtor engages in fraudulent misrepresentation by trying to collect a time-barred debt even if no lawsuit has been filed to collect the debt, or a lawsuit or further collection action threatened.

Capital One's primary case is *Aronson v. Commercial Fin. Servs., Inc.*, 1997 WL 1038818 (W.D. Pa.). *Aronson* recognizes that *Kimber* stands for the proposition that "[a] threat to sue a consumer on a claim that the debt collector knows is barred by the statute of limitations violates section 1692e(2)(A) of the FDCPA." *Id*. at *2. The debt collection letters in *Aronson*, however, did not threaten a lawsuit or further collection action. *Id*. at *1. The judge in *Aronson* found that the debt collection letters did not misrepresent the nature of the debt under § 1692e(2)(A) for three

reasons, two of which are relevant to this case. First, the judge decided that the debts were indeed valid debts regardless of whether the statute of limitations precluded collection of those debts by judicial means. *Id*. at *3 (discussing Pennsylvania statute of limitations). "The statute of limitations foreclosed judicial remedies rather than eliminating the underlying rights." *Id*. (citing among others *Davis v. Mills*, 194 U.S. 451, 456 (1904)). Second, the judge indicated that the debt collection letters properly tracked the language required by § 1692g and so were not misleading to a least sophisticated consumer. *Id*.

The Court has before it two contrary positions represented by *Taylor* and *Aronson.* I find that the position taken by *Aronson* is the better position for several reasons. To begin with, *Aronson* is factually similar to this case in that the debt collection letters in *Aronson* did not mention lawsuits or further collection action. Moreover, like the Pennsylvania law cited in *Aronson*, New Mexico courts have held that statutes of limitations are procedural in nature and merely bar judicial remedies by which a party seeks to enforce his or her substantive rights. *See Gaston v. Hartzell*, 89 N.M. 217, 220, 549 N.M. 632, 665 (Ct. App. 1976). Additionally, in accord with *Aronson*, other courts have held that "a debt validation notice which sets forth verbatim the mandatory language of section 1692g(a)(4) cannot be considered false, deceptive or misleading in violation of section 1692e. . . ." *Jang v. Miller & Assocs., Inc.*,1996 WL 435096 at *5 (N.D. Ill. 1996). *See also Dixon v. United Adjusters, Inc.*, 1981 U.S. Dist. LEXIS 18392 at *9 (D. Ore. 1981) (debt collection statement which truthfully informs plaintiff of debt owed "is an attempt to obtain voluntary compliance from plaintiff and is not deceptive"). Finally, *Taylor* should not be given much weight considering its lack of reasoning. Since the debt validation notice in this case does not threaten a lawsuit or any further collection action, fails to affect any substantive rights the debtor might have,

and follows the language of § 1692g, I cannot find that as a matter of law it is deceptive. Capital One's motion for judgment on the pleadings is, therefore, well taken and will be granted.

Wherefore,

IT IS ORDERED that Capital One's Motion for Judgment on the Pleadings, filed February 24, 2000 *(Doc. 24)*, is **granted** and this cause **dismissed** with prejudice.

DATED this 3rd day of April, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Richard N. Feferman
    Albuquerque, New Mexico

    Daniel Edelman
    Cathleen M. Combs
    James O. Latturner
    Edelman & Combs
    Chicago, Illinois

Counsel for Defendant:

    Douglas G. Schneebeck
    Modrall, Sperling, Roehl, Harris & Sisk
    Albuquerque, New Mexico

    James McCabe
    James McGuire
    Morrison & Foerster
    San Francisco, California